## Case No. 7,510.

JONES v. YEAGER.

[2 Dill. 64; [2] 16 Int. Rev. Rec. 142; 5 Chi. Leg. News. 25.]

Circuit Court, E. D. Missouri. Oct. 3, 1872.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Hallum, Bereman & Smith, for plaintiff. R. E. Rombauer and Geo. M. Stewart, for defendant.

Before DILLON, Circuit Judge, and TREAT, District Judge.

DILLON, Circuit Judge (charging jury). 1. The plaintiff is the widow of John Jones, deceased, and as such brings this action under the statute of Missouri (Gen. St. Mo. 1865, c. 147), to recover from the defendant damages for the death of her husband, on the 7th day of August, 1871, caused, as she alleges, by the wrongful act, neglect, or default of the defendant as hereinafter mentioned. That the boilers in the mill of the defendant, where the plaintiff's husband was employed in the capacity of a fireman, exploded on the day last named, and that the explosion caused his instantaneous death, are facts respecting which there is no dispute. By the statute of this state it is pro-

vided that "whenever the death of a person shall have been caused by the wrongful act, neglect, or default of another. and the act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof, then the person who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured." And it is under this statute that this action is brought by the present plaintiff. to recover damages for the death of her husband, which she alleges was caused by the wrongful act, neglect, or default of the defendant. And the specific neglect or default alleged in the petition, and upon which she grounds her action, is, that the boilers which were in defendant's mill, the explosion of which killed the plaintiff's husband, "were old and patched, and the plates of which they were constructed were worn and weakened by long use and exposure to the action of fire and water, thereby rendering them unfit, unsafe, and dangerous" to use; which was known to the defendant and not known to plaintiff's husband, nor discoverable by him by the exercise of due care on his part. And it is further alleged, that the boiler's gauges, appendages, and machinery were unsafe, dangerous, and unfit for use. and that this was the cause of the explosion. This is denied by the defendant, who also claims that the explosion was caused, not by defective boilers or machinery, but by the negligence and carelessness of the engineer, who is claimed to be the fellow-servant of the plaintiff's husband, and by the negligence of the plaintiff's husband himself.

2. This makes it necessary for you to determine from the evidence what was the cause of the explosion in question. The plaintiff's theory is. that the explosion was caused by the defective boilers. What is the duty towards employes of the owner of a steam engine and boilers, in respect to their safe condition? This is an important question, and must be carefully answered. The employer does not, impliedly, engage to insure his servants that there shall be no accidents resulting from the use of such machinery. Steam, which is a necessary, is at the same time a dangerous, power, and the danger which attends the use of it imposes upon the owner of machinery propelled by it certain duties and obligations, and these are to use ordinary care and prudence (the degree of which must be proportioned to the danger) to have and to keep the boilers and machinery in a safe and sound condition. If the employer knows that his boilers are defective, or if under all circumstances, as a reasonable man, he should have discovered, though he did not, their defective condition, or if he negligently remained ignorant of their defective condition, if the defective condition thereof was the direct and proximate cause of an explosion which injured servants who are blameless, and who did not contribute towards the production of the accident by their own fault or neglect, then the law is that the employer is liable to such servants in a civil action for damages thus occasioned.

If the defective condition of the boilers, and the danger liable to result therefrom, were known to the servant, and if, after such knowledge, he voluntarily remained in the service of the master, this would preclude him, or, in case of his death, his representative, from the right to recover damages caused by defects of which, and of the nature of which, the servant had knowledge. If, by the nature of his employment, it was the duty of the servant himself to examine and ascertain the condition of the boilers and machinery as to the suitableness or safety, then, in case of an accident resulting from unsuitable or unsafe machinery, the servant, or his representatives. could not recover if the servant had failed to discharge this duty.

But in the absence of a contract, or of usage to that effect, brought home to a fireman of an engine, he would not, by his ordinary employment, be under any special duty or obligation to make examination as to the safe condition of the engine and boilers, and could only be charged with a knowledge of such defects as a person in his situation and employment ought, as a reasonable man, to have foreseen, would or might endanger his safety. In the application of these principles to the evidence, you will first inquire whether the boilers in this case were unsafe or unfit for use; and if so, whether the defendant knew it, or as a reasonable man, having a due regard for the safety of his employes, ought to have known it, for if he ought, his neglect in this respect would be equivalent in imposing liability to actual knowledge; and in the next place, you must inquire. and, in order to hold the defendant liable. must find. from the evidence, that this defect was the direct and immediate cause of the accident. without which it would not have happened; and if you thus find. then defendant would be liable, provided you also believe, from the evidence, that the plaintiff's husband was guilty of no fault or neglect which contributed to bring about the explosion, and was not remaining in the service of the defendant with knowledge of the defective condition of the boilers, and the danger reasonably to be apprehended therefrom. You will perceive that it is implied in what has been above said, that the defendant is not liable, even though the boilers were defective, provided you are of opinion that their defective condition did not cause the explosion, and that the explosion was owing to other causes.

3. And this leads us to make some observations respecting the defendant's theory

of the explosion, and the law applicable to it. if found by you to be the true theory. The engineer on duty at the time of the explosion was Mr. John Scott, employed by the defendant, and who, under authority from the defendant, had, it seems, employed in the behalf of the defendant, plaintiff's husband, who acted as one of the firemen. The explosion occurred about two o'clock on Monday morning. The day before (Sunday), the boilers had, it seems, by the undisputed evidence, been cleaned by the firemen, including Jones, and for this purpose all the water had been let off from them.

Now, it is claimed by the defendant that the engineer, Scott, whose duty it was to see that the boilers were duly supplied with water before resuming work, either failed to cause them to be thus supplied, or if he did not thus fail, he failed to see that the valve whose function it is to keep the water from wasting or flowing from the boilers, was properly adjusted or closed, in consequence of which the water in the boilers gradually ran out during Sunday afternoon and night, so that when the boilers became heated an explosion was the result. If, upon the evidence, you find this to be the true explanation of the explosion, find, in other words, that the explosion was due to the default or negligence of the engineer, in not ascertaining that he had sufficient water in the boilers, he at the time acting in the scope of his employment and in the general line of his duty, without any special directions from the defendant, and that it was not owing to the defective character of the machinery or boilers, then the defendant is not liable; for in the case just supposed, the engineer, who was to blame, and the plaintiff's husband would be fellow servants in the same common employment, and the master, or common employer, would not be answerable to the fireman for negligence of this character on the part of the engineer, there being neither allegation nor evidence that the master was guilty of negligence in employing or retaining in his service an engineer who was incompetent.

So you will perceive, gentlemen, that you must determine upon the evidence what was the real cause of the explosion, the defective boilers as maintained by the plaintiff, or the neglect of the engineer, or of the plaintiff, as contended for by the defendant.

You will take the case, and I am confident that you will not strain the evidence to defeat a recovery, and equally confident that you will not, by sympathy with the unfortunate plaintiff, give her a verdict unless upon the evidence and the law, as we have laid it down to you, she is entitled to it as a matter of legal right.

The jury found for the defendant.