# Bull *v.* The Mobile & Montgomery Railroad Company.

*Action by Employee against Railroad Company for damages for Personal Injury.*

1. *Employee of railroad company; when cannot recover against, for personal injury.*—A railroad company is not liable for damages, at the suit of one of its employees, for injuries received in a collision between two trains, when such collision was caused by gross negligence on the part of the officers in charge of one of the trains.

APPEAL from the Circuit Court of Mobile.
Tried before Hon. H. T. TOULMIN.
On the night of March 13th, 1876, at about ten minutes after 12 o'clock an irregular train, running from Montgomery to Mobile, over the defendant's railroad, collided at Greenville with the regular train running north. The north bound train was standing on " the switch frog," just north of the station, and the south bound train came at a speed of about twelve miles an hour into the station. The engineer on the latter train

[Bull v. M. & M. R. R. Co.]

was seated with his head lying on his arm, in which position
he had remained while the engine had traveled about five
miles. He testified, however, that he was not asleep. The
station was at the top of an up grade, and all the evidence
was to the effect, that if the engineer had " shut off steam,"
at the beginning of the up grade, he could have stopped his
train without the aid of the brakes. There were three brakes
on the train, one of which was out of order. Appellant was
a fireman on the irregular train, and as soon as he saw the
north bound train cried out, " there is an engine on the main
line," and ran to pull thebell line, and to put on the " tender
brake." In doing this, he was caught between the engine and
tender, and seriously hurt, receiving a flesh wound in the
thigh, and a contused wound in the foot. He was confined to
his bed for a long time, and was put to great expense for med-
ical and other attention. This action was brought to recover
damages for the injuries thus sustained. On the trial, it ap-
peared that both the engineer and the conductor on the irreg-
ular train were competent men to fill their respective places ;
that it was the duty of the " yard master " to make up the
trains, and that the number of cars, and of brakes, was left to
their judgment and skill ; that one of these " yard masters "
was discharged for intemperance, but it did not appear that
he had made up the train on which appellant was injured.
The court charged the jury, at the request of appellee, " that
if they believed the evidence they must find for the defend-
ant." The action of the court in giving this charge is assigned
for error.

McKINSTRY & SON, for appellant.—The damage to appel-
lant was caused by the negligence of the defendant, appellee,
in the insufficient equipment of its trains. The collision in
which he was injured arose from the inability to check the
speed of the train, because the brakes were insufficient, and
therefore the appellee is liable.—4 Port. 224, 22 Ala. 294 ; 24
Ala. 21 ; 25 Ala. 659 ; 42 Ala. 672 ; 48 Ala. 459. There was
evidence tending to show that the brakes were insufficient ;
that appellant's injury was caused by inability to check the
speed of the train for that reason ; that the officer, who had
charge of making up the trains, was of intemperate habits.
The charge of the court withdrew all this evidence from the
consideration of the jury, thus invading its province.—30
Ala. 253 ; 36 Ala. 449 ; 33 Ala. 429 ; 39 Ala. 169.

GREGORY L. SMITH, for appellee.—The injury to appellant
was caused by the negligence of the engineer, in running too
fast. He was a fellow servant of appellant, and the latter

cannot recover for an injury caused by his negligence.—*M. & M. R. R. v. Thomas*, 42 Ala. 700 ; *Walker v. Bolling*, 2 Ala. 309 ; *Smith v. M. & M. R. R.* 59 Ala. 245. The evidence only tended to show that the brakes were insufficient generally, but unless the insufficiency was the proximate cause of the injury, appellee is not liable.—*Lane v. Atlantic Works*, 111 Mass. 135 ; 11 Ohio St. 333 ; 35 N. Y. 210 ; 6 Jones N. C.; 46 Pa. St. 151. And it must be shown, that appellee failed to use due diligence in selecting a competent man to prepare the train, or failed to supply the necessary implements to construct the train properly. *M. & M R. R. Co. v. Thomas*, (*supra*), and the burden of proof was on appellant. The making up of the train was left to the skill of the yard master, and if the company had selected a competent man to fill this place, they are not liable to appellant for an injury caused by his negligence. There was no conflict in the evidence and the general charge was properly given.—20 Ala. 691 ; 56 Ala. 549 ; 22 Wall. 116. When the evidence justifies the general charge, it should be given, for in this way only, can a corporation be protected.—31 Com. B. 918 ; 3 C. B. (N. S.) 166 ; 7 Am. Rep. 123.

STONE, J.—There can be no question that the injury of which plaintiff complains, was the result of gross carelessness. The testimony, although voluminous, is not in conflict, except on a few minor and immaterial points. It all points in one direction—namely, that the collision resulted from the gross carelessness and disobedience of orders, of which the officer or officers having charge of the running of the down train were guilty. Why the engineer, expecting to meet a regular train at Greenville, should approach that station at the speed the testimony discloses, and why the conductor, and even the fireman, did not take steps to counteract such recklessness, are questions which our want of knowledge of the government of trains does not enable us to answer. Charity suggests that the engineer was asleep, and the testimony of the witness Harris tends to confirm the suspicion. No want of skill is imputed to the engineer or conductor, while all the testimony tends to show they were competent. Plaintiff being an employee of the railroad company and fellow-servant of the officers through whose negligence the injury was done, the case falls directly within the principle declared in *Mobile & Montgomery Railway Company v. Smith*, 59 Ala. 245 ; and the charge of the court was, therefore, free from error.

Affirmed.