GULF, COLORADO AND SANTA FE RAILWAY COMPANY v. WILLIAM BLOHN ET AL.

No. 6338.

1. **Charge.**—In absence of testimony tending to prove that a railway company had in its employ incompetent servants it is improper to charge upon that subject, or if any charge thereon, simply to direct that the jury should not consider that issue.

2. **Railway Employes — Fellow Servants.**—An engineer and the fireman upon an engine are fellow servants, and a fireman can not recover for injury caused by the engineer's want of proper care.

3. **Directions and Orders are Acts.**—There is no difference in respect to the liability of the employer between words and acts; between an act of a fellow servant that causes an injury or a command that produces the same result.

4. **Case Followed.**—Robinson v. Houston & Texas Central Railway Company, 46 Texas, 541, adhered to.

APPEAL from Bell. Tried below before Hon. W. A. Blackburn.

The opinion states the case.

*Harris & Saunders,* for appellant.—1. When the verdict of a jury

is clearly wrong, where the jury have decided manifestly against the whole weight of the evidence, it is the duty of the court to set it aside. Willis v. Lewis, 28 Texas, 191, 192; Murchison v. Warren, 50 Texas, 33; Zapp v. Michaelis, 58 Texas, 275; H. & T. C. Ry. Co. v. Schmidt, 61 Texas, 285, 286; Miller v. Baker, 20 Pick., 288, 289; Wait v. McNeil, 7 Mass., 211; Curtis v. Jackson, 13 Mass., 507; Davis v. Jenney, 1 Met., 221; Coffin v. Phœnix Ins. Co., 15 Pick., 291.

2.   It is the duty of everyone to use all reasonable care and caution to protect himself from unusual risk or danger in any business in which he may engage, and avoid placing himself in any position where there is even a possibility that the risk and danger of personal injury will be augmented; and if one employed as fireman on an engine with a full knowledge of the probable risk and danger to himself resulting therefrom goes under an engine standing on a track, under a full head of steam, for any purpose, and thereby is injured from the moving of the locomotive while under it, he is guilty of contributory negligence, and is not entitled to recover for the injury. I. & G. N. Ry. Co. v. McCarthy, 64 Texas, 637; H. & T. C. Ry. Co. v. Leslie, 57 Texas, 87, 88; Field on Dam., 21; Shearm. and Redf. on Neg., secs. 25, 27, 29, 30, 34; Pierce on Rys., 379; Thomp. on Neg., sec. 15.

3.   When a servant enters into the employment of another he assumes all risks ordinarily incident to the business, and if he has equal knowledge with the master of the danger of the work, or the risk or danger of going under an engine standing on the track attached to a train of cars and with steam up, or might know such risk or danger by the use of ordinary care, he takes the risk upon himself if he goes under it, and can not recover for an injury of which his going under was the proximate cause. G. H. & S. A. Ry. Co. v. Lempe, 59 Texas, 20–5, and cases there cited; I. & G. N. Ry. Co. v. Graves, 59 Texas, 330.

4.   The master is not liable for injuries sustained by his servant through the negligence or default of a fellow servant; so if it even were true that plaintiff was injured through the negligence or default of Shanklin or of any other of his fellow servants he could not recover even if he had not been guilty of any contributory negligence himself. Price v. H. D. Nav. Co., 46 Texas, 537; Robinson v. H. & T. C. Ry. Co., 46 Texas, 549, 550; Railway Co. v. Miller, 51 Texas, 274; H. &. T. C. Ry. Co. v. Myers, 55 Texas, 114, 115.

*E. H. Lott* and *W. S. Holman*, for appellees. — 1.   If a superior for the occasion orders a subordinate into a place of peril it is his duty to protect him, and if he fails to do so the principal is liable.

It was the duty of appellee Willie to obey the orders of Shanklin, and he was not guilty of contributory negligence in going under the engine to clean out the ash pan in obedience to the orders of Shanklin. Rail-

road v. Watts, 63 Texas, 552; Douglass v. Railroad, 63 Texas, 567; Railroad v. Scott, 68 Texas, 698; Grand Trunk R. R. Co. v. Cummings, 106 U. S., 700.

2. The implied obligation of the servant to assume the risks incident to the employment does not apply when the servant by whose negligent act or conduct the injury is inflicted sustains the relation of superior in authority to the one injured.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellees, who are father and son, to recover damages for both caused by an injury to the son. Willie Blohn, the son, being at the time of his injury between twenty and twenty-one years old, was then employed as a fireman on one of defendant's engines and had been so engaged for the preceding two years.

On the day that the injury to plaintiff occurred a train was made up consisting of eighteen cars. An engine with a full head of steam was attached to the front of this train. Another engine was attached to the rear end of the train to help start it on an up grade, after which was done it was the purpose to detach the rear engine. One Shanklin was the engineer in charge of the rear engine. While the train was so standing plaintiff Willie Blohn went under the rear engine to clean out its ash pan, and while he was so engaged the front engine started the train, causing the fireman to be caught under the wheels of the rear engine, resulting in so crushing his leg that it had to be amputated below his knee.

Plaintiffs charged in their pleadings and the son testified as a witness that Shanklin, the engineer, ordered the fireman to go under the engine and clean out the ash pan, and that the train was started without proper signals being given. Defendant denies, and is supported by the engineer's testimony, that the fireman was ordered to go under the engine and avers that he acted voluntarily.

Four witnesses, including a brother and the physician who amputated his leg, testified to Willie Blohn's admissions, made at different times after his accident, that he went under the engine voluntarily and not by command of the engineer. Both plaintiffs testified, denying his making such admissions. His mother and sister and another witness gave evidence discrediting his making such statements.

The incompetency and unfitness of the engineer was charged but no evidence in support of the allegation was offered. On the contrary, there was evidence of his competency.

It was shown that Willie Blohn was receiving for his services when injured fifty-five dollars per month, which he gave to his father. The evidence was that he was injured on November 10, 1886, and was twenty-one years old in the following September. No pecuniary damage to his father was proved except the loss of his son's wages. He was employed

by defendant with his father's consent, and he testified himself that he knew all about the duties of a fireman and about the risk of going under an engine before he was hurt.

Judgment was rendered on the verdict of a jury in favor of the son for ten thousand dollars and in favor of his father for six hundred and five dollars.

The court among other things charged the jury that "if an employe of such company is injured while in the discharge of his duties by the negligence or incompetency of his fellow servants, and it is further proved that the company had not used reasonable care in selecting his fellow servants, or if after being informed of their incompetency the company retains them in its service, then it would be responsible to its servant for the injury resulting from the incompetency of such fellow servant."

Defendant requested a charge on the same subject, which was given.

There is no evidence whatever in the record tending to prove that defendant had in its employ incompetent servants, and it was improper to give any charge on the subject; or if anything occurring during the trial made a charge on the subject admissible, it ought to have been that there being no evidence on it the jury should not consider that issue.

The judgment is complained of as being without evidence to support it:

1.  Because there is no proof of any negligence on the part of defendant.

2.  Because the proof shows that the fireman was guilty of contributory negligence which directly caused his injury.

3.  Because the engineer and firemen were fellow servants.

It is contended in support of the judgment that it was the duty of the fireman to obey the orders of the engineer.

The general proposition that an employe can not recover damages for an injury caused by the negligence of a fellow servant, and that the engineer and the fireman bore that relation to each other in the transaction out of which this suit grows, is too well settled to require a citation of authorities.

If the controverted questions of fact are settled in favor of plaintiffs, if their version of them was undisputed, their case would still be that a negligent order of a fellow servant was the cause of the injury.     We think there is no difference in this respect between words and acts—between an act of a fellow servant that causes an injury or a command that produces the same result.

In Robinson v. The Houston & Texas Central Railway Company, 46 Texas, 541, a brakeman was injured. He was directed by the acting conductor of the train to go down between two cars of a moving train and uncouple them. In obeying the orders of the conductor he was injured. Judgment was rendered for defendant in a suit brought against

the railway company by the injured brakeman and on appeal was affirmed by this court.    Justice Moore in delivering the opinion said:

" It is urged that the general rule which holds that a servant can not recover damages from the master for an injury sustained by reason of the negligence of a fellow servant is not applicable to this case because the injury to appellant resulted from the negligence of the conductor for the time being, to whose direction and control appellant was subjected.    We, however, agree with Judge Cooley that the negligence of a servant of one grade is as much one of the risks of the business as the negligence of another, and it seems impossible therefore to hold that the servant contracts to run the risk of negligent acts or omissions on the part of one class of servants and not those of another class."

In this case all of the evidence showing that plaintiff's injury resulted either from his own negligence or the negligence of a fellow servant the verdict is entirely unsupported, and the jury should have been instructed to find for the defendant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 3, 1889.