## LEON J. YARNELL v. JOHN H. BURNETT.

### Decided January 17, 1901.

#### Appeal—Writ of Error—Necessary Parties—Vendor's Lien Note Assumed.

A vendor's lien note for land was executed by D., and subsequently Y., having purchased the land, assumed its payment as part of the consideration. The holder of the note sued both D. and Y. and obtained judgment against D. for the amount of the note, and against both for foreclosure of the lien, from which judgment Y. alone appealed by writ of error against the plaintiff, and without making D. a party thereto. Held, that the writ of error must be dismissed, as D. was a necessary party thereto, his interest being adverse to that of Y., in that if the latter should defeat the lien, as he sought to do, D. must pay the entire money judgment.

Appeal from Harris. Tried below before Hon. Wm. H. Wilson.

*F. F.* and *E. T. Chew,* for appellant.

*J. R. Burnett,* for appellee.

GARRETT, CHIEF JUSTICE.—Burnett sued the defendant in error and one L. A. Dowdell to recover upon a promissory note executed by Dowdell for land, and to foreclose a vendor's lien. Dowdell had conveyed the land to Yarnell by a deed which recited as the consideration the assumption of the note by the latter. Judgment was sought against both defendants for the amount of the note, with foreclosure of a vendor's lien upon the land. Yarnell pleaded defenses against the validity of the lien and his liability for the note. Upon trial judgment was rendered against Dowdell for the amount of the note, and against both of them foreclosing the lien. Dowdell abides by the judgment. Yarnell made a motion for a new trial, which was overruled. He filed a statement of facts in due time, and has sought to bring the case before this court by writ of error for revision. To that end he filed with the clerk of the District Court a petition for writ of error in which he set out the judgment and asked for citation to J. H. Burnett only, and at the same time filed an affidavit in forma pauperis in lieu of bond, made before the county judge of Harris County. Citation was issued to J. H. Burnett alone, and he alone was served therewith. Dowdell was not made a party to the proceeding, and for that reason the defendant in error has moved to dismiss.

The motion to dismiss the writ of error must be sustained. Dowdell's interest in the judgment is adverse to that of the plaintiff in error, because if the latter defeats the lien on the land, he must pay the entire money judgment. Grant v. Collins, 5 Texas Civ. App., 45. The petition for a writ of error should state the names and residences of the parties adversely interested. Rev. Stats., art. 1391. And citation in error must issue to them. Art. 1393. Even if Dowdell had been included in the petition and citation had issued to him, the failure to have him served with citation would have been ground for dismissal. Thomas v. Thomas, 57 Texas, 516.

*Dismissed.*