LOUISVILLE & NASHVILLE RAILROAD COMPANY v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY ET AL.

Decided October 18, 1905.

**1.—Jurisdiction—Personal Judgment—Service Beyond State.**

No jurisdiction is obtained to render a personal judgment against a nonresident corporation by notice served upon it in another State under Rev. Stats., arts. 1230–1233, though it is alleged to have done business and contracted to deliver goods in the State.

ON REHEARING.

**2.—Writ of Error—Service on Attorney.**

Service of citation in error must be upon the defendant in error unless he appears of record to be a nonresident or is not found in the county of his residence. If made upon his attorney of record, in the absence of such conditions, the writ of error will be dismissed.

Error from the County Court of Collin County. Tried below before Hon. F. E. Wilcox.

*Hawkins & Haynes,* for plaintiff in error.

*T. S. Miller* and *Garuett & Smith,* for defendant in error, Missouri, Kansas & Texas Railway Company.

*R. C. Merritt,* for defendant in error, Emerson.

KEY, ASSOCIATE JUSTICE.—Fred Emerson brought this suit against the Louisville & Nashville Railroad Company and four other railroad companies, to recover damages on account of alleged injuries and overcharges in freight in the transportation of certain live stock from Mount Sterling, Kentucky, to McKinney, Texas.

It was alleged in plaintiff's petition that the Louisville & Nashville Railroad Company was a corporation incorporated under the laws of Kentucky, and had its office and place of business at Louisville, Kentucky. No citation was served on the defendant, or any of its agents in this State, but a notice was issued and served upon it in the State of Kentucky, in conformity with articles 1230 to 1233 of the Revised Statutes. That defendant filed no answer.

By agreement between the plaintiff and all the other defendants, the plaintiff took judgment against the Missouri, Kansas & Texas Railway Company of Texas, and dismissed his suit as against all the other defendants, except the Louisville & Nashville Railroad Company, against which defendant judgment was rendered for $200,

The last named defendant has brought the case to this court by writ of error, and seeks a reversal upon the ground that the notice served upon it in the State of Kentucky was ineffectual to confer jurisdiction authorizing a personal judgment against it. We sustain that contention. That defendant being a nonresident, and not having been served with citation within the limits of this State, and not having filed an answer, the court below had no jurisdiction to render a personal judgment against it. (Pennoyer v. Neff, 95 U. S., 565; Wilson v. Seligman, 144 U. S., 45; York v. State, 73 Texas, 640; Maddox v. Craig, 80 Texas, 600.) The rule referred to is applicable to a nonresident corporation as well as a nonresident individual. (Mexican Central Ry. Co. v. Pinkney, 149 U. S., 194; Baltimore & Ohio Ry. Co. v. Koonts, 104 U. S., 643.)

The averment in the petition that the ·defendant did business within this State, and had contracted to deliver the property in the county where the suit was brought, did not authorize the service of process outside of the State of Texas. As between the plaintiff Fred Emerson and the Louisville & Nashville. Railroad Company, the judgment will be reversed and the cause remanded; but as between the other parties, and in all other respects, the judgment will be affirmed.

*Affirmed in part, and in part reversed and remanded.*

### OPINION ON MOTION FOR REHEARING.

At the last term of this court the judgment in this case was reversed and the cause remanded, as between the plaintiff in error and Fred Emerson, one of the defendants in error. Emerson has filed a motion for rehearing, and a plea to the jurisdiction of this court. An inspection of the transcript, as well as Emerson's affidavit attached to the motion, show that he resided in Collin County, where the case was tried, at the time the suit was instituted and at the time the writ of error was sued out; that no effort was made to procure personal service of the writ of error upon Emerson, but citation was issued thereon and served upon one of his attorneys. Emerson did not waive service or file an answer to the writ of error.

The statute requires a citation to be served upon the defendant in error, if he can be found in the county, if not, then it may be served upon his attorney of record. When the defendant resides in the county, and citation can be and is not served upon him, service upon his attorney does not confer jurisdiction upon the Appellate Court. (Oger v. Frobias, 63 S. W. Rep., 654; Yarnell v. Burnett, 61 S. W. Rep., 153; Cereal Co. v. Ernest, 12 Texas Ct. Rep., 133.)

The motion for rehearing is sustained and the writ of error dismissed.

*Dismissed.*