ANDIE E. CLARK, BY HIS NEXT FRIEND, W. E. CLARK, v. R. H. WRIGHT
AND J. E. JOHNSON.

(Filed 16 December, 1914.)

**Automobiles—Negligence—Trials—Issues—Proximate Cause—Instructions—Appeal and Error.**

> In an action to recover damages for injuries alleged to have been sustained by the negligence of the defendant, while driving an automobile, in running over the plaintiff, it is error for the trial judge to instruct the jury to answer the issue as to defendant's negligence in the affirmative if the evidence satisfied them, by its greater weight, that the machine was being run in a negligent manner; for this eliminated the question of proximate cause; and when it appears that the error was not cured by construing the charge as a whole, it is reversible error.

APPEAL by defendant from *Harding, J.*, at July Term, 1914, of LINCOLN.

Civil action, tried upon these issues:

1. Was the plaintiff, Andie Clarke, injured by the negligence of the defendant, as alleged in the complaint?   Answer: "Yes."

2. Did the plaintiff, by his own negligence, contribute to his own injury?   Answer: "No."

3. What damage, if any, is the plaintiff entitled to recover?   Answer: "$2,500."

From the judgment rendered, the defendant appealed.

*L. B. Wetmore, E. R. Preston, Duckworth & Smith* for plaintiff.
*C. E. Childs, Cansler & Cansler* for defendants.

BROWN, J.   This action is brought to recover damages for injuries alleged to have been sustained by the negligence of the defendants in so running their automobile as to cause the same to run over and injure the plaintiff.

His Honor charged the jury: "Now, defendant contends he has shown you that by the evidence, which he contends ought to satisfy you. The burden is not on the defendant to satisfy you of that contention by the greater weight; the burden is upon the plaintiff to satisfy you of his contentions as to the first issue by the greater weight of the evidence. If the plaintiff fails to satisfy you by the greater weight of the evidence, that is, when you have heard all the evidence and the law and circumstances, and you go to deliberate upon the testimony, the circumstances under which the injury took place, (a) if the weight of the evidence satisfies you, by its greater weight, that the defendant was driving its machine in a negligent manner, then the issue would be answered 'Yes'; (b) but it must, by the greater weight, satisfy you of that."

The defendants except to that portion of the charge embraced between the letters (a) and (b).

Negligence becomes actionable only when it results in injury and is the proximate cause thereof. The charge was, therefore, erroneous in that it entirely left out of view the question of proximity of cause, and permitted the jury to convict the defendant of negligence merely by proof of the single and sole fact that the car was being driven in a negligent manner. *Brewster v. Elizabeth City,* 137 N. C., 392; *Edwards v. R. R.,* 129 N. C., 78.

An examination of the charge as a whole fails to disclose that the error was cured.

New trial.

CLARK, C. J., dissenting: There was evidence that while the plaintiff, a boy of 9 years of age, with his little sister, was diagonally crossing Main Street in Lincolnton at a point about 50 yards east of Childs' corner, he was run over and injured by the defendant's automobile, which was being driven by a colored chauffeur at a speed of from 10 to 12 miles an hour and without giving any warning or signal of the approach of said car before running over and striking the plaintiff. The defendant offered evidence that the car was being driven carefully down the street at a speed of 6 to 8 miles per hour, with the usual signals, when the plaintiff suddenly darted out from behind a vehicle standing immediately in front of the moving car, and so close thereto as to make it impossible for the driver of the car to stop the same before striking the plaintiff, though he used the emergency brake and other appliances at his command.

If the plaintiff's evidence was taken by the jury as true, he was injured by the negligence of the defendant, as alleged in the complaint. If the defendant's testimony was taken as true, the plaintiff contributed to his own injury. There being evidence that the plaintiff was driving at a speed exceeding 10 miles an hour, this was contrary to law, and the plaintiff, irrespective of other conduct of the defendant, was stricken by his negligence, and the court told the jury that if "the testimony satisfied them by its greater weight that the defendant was driving his machine in a negligent manner and struck the plaintiff, then the first issue would be answered 'Yes.'" This was in accordance with the long settled rulings of this Court.

If, however, the defendant's testimony was also true, that, notwithstanding his own negligence either in the speed of the car or otherwise, the plaintiff by darting suddenly out in front of the machine was run over by the defendant's car because he was unable to stop it, then the second issue as to the contributory negligence of the plaintiff should

have been answered "Yes." In the absence of contributory negligence by the plaintiff, the injury was necessarily caused by the proximate negligence of the defendant, if the jury found that the defendant was negligent, for there is no controversy that the child was run over and injured by the defendant's machine.

There being no controversy as to the fact that the plaintiff was struck and injured by the car of the defendant, it was for the jury by the greater weight of the evidence to say, as the judge told them, whether at the time of the injury the defendant was guilty of negligence. If so, it was the proximate cause unless the jury should find that the plaintiff's negligence contributed to the injury. It is the second issue, and not the first, which always determines the question of proximate cause. The first issue merely finds whether the injury was caused by the defendant's agency while he was negligent. The second issue determines whether the plaintiff's own negligence contributed, and if it did not, then the plaintiff's negligence is necessarily the proximate negligence, because it was the only cause.

These have been the well settled principles governing these cases. Out of abundant caution, formerly there was a third issue often submitted in favor of the plaintiff, i. e., "Notwithstanding the plaintiff's contributory negligence, could the defendant have avoided injuring the plaintiff by the exercise of proper care?" But the law applicable to the first two issues was so well understood to be as above stated that practically the third issue has been abandoned and cases of wrongful death or injury have of late years been decided on the two issues, the second issue being well understood to settle the question of proximate cause. The first issue has always determined whether the plaintiff was injured by the defendant while the latter was negligent.

The authorities to the above effect are numerous and well settled. It will be instructive, however, and of some interest to review the history of the doctrine of negligence causing injuries or death and its development which has been a contest between opposing forces.

At common law no damages could be recovered for negligence causing death. This was attempted to be cured by what is known as "Lord Campbell's Act," and subsequent acts in this country, but these acts have been variously construed in many aspects and are still the subject of legislation and judicial construction.

In 1837 the doctrine was first applied to railroads, that the master was not responsible if the injury was caused by the negligence of a fellow-servant. This exemption of the employer in such cases was not by statute, but by judicial construction. The history of the development of that doctrine will be found in *Hobbs v. R. R.*, 107 N. C., 1.

It was also held by judicial construction for a long time that negligence was a matter of law, and that the jury should find the facts under the instruction from the court as to whether they constituted negligence or not. This was corrected by adopting what is known as the "rule of the prudent man," in *Russell v. R. R.,* 118 N. C., 1098, and other cases which held the question of negligence to be a mixed question of law and fact for the jury.

In *Owens v. R. R.,* 88 N. C., 502, it was held that the burden was upon the plaintiff to show that he was not guilty of contributory negligence—that is, that he did not contribute to his own injury. This is in essence the same doctrine of "proximate negligence" that is now being advanced, that the plaintiff must show not merely negligence on the part of the defendant in committing the act which caused the injury, but, further, that the injury would not have occurred but for his own conduct. In the *Owens case, Ruffin, J.,* filed a dissenting opinion, and the Legislature passed the statute which is now Revisal, 483, to cure that decision by providing: "In all actions to recover damages by reason of negligence of the defendant, where contributory negligence is relied upon as a defense, it shall be set up in the answer and proved on the trial."

After the passage of this act there then appeared the new doctrine of the "assumption of risk," which served nearly the same purpose as the former defense of contributory negligence. Thereupon the Legislature, to cure that evil, as well as to take away the defense of "fellow-servant," passed the act of 1897, which is now Revisal, 2646. For some unknown reason this statute was placed in the *Private* Laws of 1897, ch. 56. Its constitutionality was earnestly contested, but in many decisions which will be found in Pell's Revisal, under that section, it was sustained, and it was held in cases there cited that it destroyed the defense as to railroads not only that the negligence was that of a fellow-servant, but also took away the doctrine of assumption of risk.

It was further enacted that "Any contract or agreement, expressed or implied, made by any employee of such company to waive the benefit of this section shall be null and void." Notwithstanding the clear terms of the paragraph last quoted, it was attempted to deprive employees of the benefit of its provisions by establishing "Relief Departments" on some of the roads, and every employee was required to contribute to a fund, managed by the officers of the company, out of which the employees were to be paid for death and other injuries caused them by the negligence of the corporation. This was held illegal in *Barden v. R. R.,* 152 N. C., 318; but this was afterwards questioned, until the Federal statute was enacted forbidding this device to evade the statute. This act was sustained in *Schoubert's case,* 224 U. S., 603.

CLARK *v.* WRIGHT.

It also then became not unusual to hold, in some courts more than others, that notwithstanding the act required the defendant to plead and bear the burden of proving contributory negligence, that the trial judge would not permit an action for personal injuries or wrongful death to go to a jury unless in the opinion of the trial judge the evidence was sufficient to sustain a verdict. This was again in effect a reverter to the former doctrine that negligence was a matter of law for the court, and the plaintiff could not recover unless he negatived contributory negligence. It was a very clear perception of this fact that caused Congress to pass the present act, which prohibits contributory negligence to be a defense, and puts it in the power of the jury, and not of the judge, to estimate how far it shall avail, if at all, to abate the damages.

The doctrine now maintained, that "proximate cause" must be proven by the plaintiff on the first issue, is in effect a reverter to the former condition of things which these statutes and decisions were intended to change. If the plaintiff must prove, not only that he was struck and injured by the defendant's automobile while being operated negligently, but further must prove that the defendant's negligence, and not his own, was the proximate cause, then he is again called upon, as was held in *Owens v. R. R.* prior to Revisal, 483, to disprove his own negligence being the proximate cause.

This is the result which we have reached after so many statutes and so many decisions to the contrary. When the act of the defendant's chauffeur and machine injured the plaintiff, and he proved that such act was negligent, he has shown a *prima facie* case, which under the letter and spirit of Revisal, 483, entitled him to recover damages unless the defendant proved that the plaintiff's negligence contributed to the injury. If the plaintiff's own negligence is found by the jury to have contributed to the injury, then that is the proximate cause, unless there is a third issue, as formerly, whether, "notwithstanding such negligence on the part of the plaintiff, the defendant by the exercise of reasonable care could have prevented such injuries, or death." When, as in this case, the jury find that the plaintiff did not contribute to his own injury, that is necessarily a finding that the negligence of the defendant was the proximate cause, for the fact of the injury by the car is not controverted.