VIRGIL WEBB v. THE RICHMOND AND DANVILLE RAILROAD
COMPANY.

*Fellow-Servants.*

1. Where an employé of a railroad company is injured by the negligence
   of a fellow-servant, the common master is not liable.
2. The fact that a co-employé has authority from the common master
   to discharge his fellow-servants, does not, of itself, constitute him a
   vice-principal.

This was a CIVIL ACTION, tried before *Avery, Judge,* and a
jury, at Spring Term, 1886, of the Superior Court of MECK-
LENBURG county.

The action was brought to recover damages for an injury
to the person of the plaintiff, who was an employé of the
defendant.

The plaintiff, a witness in his own behalf, testified in sub-
stance, that he was employed to flag the trains, but was
ordered by the yard-master, on the occasion when he was
injured, to couple some cars. That he got upon the step at
the back of the engine, and when the engine approached
the cars he was to couple; he notified the engine-man to stop
his engine, but that he did not do so, but moved it back
rapidly, in consequence of which the injury happened; that
the yard-master had the power to discharge the employés;
and it was his duty to give signals to the engine-man when
coupling was to be done, but that he failed to do so on this
occasion.

The plaintiff's testimony was contradicted by the witnesses
for the defendant, who testified to a state of facts, which, if
believed, showed that the plaintiff was injured by his own
carelessness.

The plaintiff asked his Honor, among other things, to
charge the jury, that if they believed that the yard master

had authority from the defendant to discharge the plaintiff, then they were not fellow-servants. His Honor refused this charge.

The jury found a verdict for the defendant, and the plaintiff appealed.

No counsel for the plaintiff.
*Mr. Chas. M. Busbee,* for the defendant.

MERRIMON, J. We do not deem it necessary to advert in detail to the several assignments of error in this case, because in our judgment, in any just view of the facts of it as they appear in the record, the injury sustained by the plaintiff was most probably the result of casualty—possibly of his own carelessness and lack of expertness, and if there was any carelessness on the part of any employee of the defendant, engaged in shifting or moving the cars at the time the injury was sustained, it was obviously that of a fellow-servant, for which the defendant is not amenable.

The injury so sustained by the plaintiff was his misfortune.

It seems that the defendant, nevertheless, generously and commendably cared for him.

No error.　　　　　　　　　　　　　　Affirmed.