The material points of the complaint are as follows:
"2. That during the month of September, 1886, the said John Hagins, while in the employment of the defendants, received an injury, by which, and as a result therefrom, he lost his right hand and a part of his right arm.
"3. That the said injury occurred while in discharge of his duties in the employment of said company, and through the carelessness, willful and negligent act of the agent and servant of the defendant company in managing the locomotive engine of said company.
"4. That at the time of said injury, the locomotive engine was temporarily abandoned by the engineer in charge, and, with his consent and by his direction, was moved and operated by a boy, or lad, of inexperience and careless habits, who had free charge of the engine and steam appliances at night; who was incompetent, reckless, careless and negligent, which was the direct and proximate cause of the plaintiff's injury."
The plaintiff recovered judgment and the defendant appealed.
The complaint alleges that the plaintiff, an employee of the defendant, was injured by the negligence of the engineer in charge of the locomotive. The general rule is well settled that where an employee is injured by the negligence of a fellow-servant — and such was the relation between the plaintiff, a brakeman, and the engineer — the common master is not responsible. It is true that upon allegation and *Page 422 
proof that the servant was exposed to unusual and unreasonable risks, or that the master knowing that the servant causing the injury (539) was unfit or incapable, employed or retained in employment such servant, there is an exception to the rule. But there is no such allegation here. The complaint sets out simply that one servant was injured by the negligence of his fellow, without any allegation of facts to take the case out of the application of the law arising on such state of facts. The complaint does not state facts sufficient to constitute a cause of action.
Action dismissed.
Cited: Hobbs v. R. R., 107 N.C. 2; Chemical Co. v. Board ofAgriculture, 111 N.C. 137; Joyner v. R. R., 112 N.C. 113; Harper v.Pinkston, ibid., 276; Nash v. Ferrabow, 115 N.C. 305; Mizzell v. Ruffin,118 N.C. 71; Hines v. Vann, ibid., 7; Rittenhouse v. R. R., 120 N.C. 548;Pleasants v. R. R., 121 N.C. 495; Olmstead v. Raleigh, 130 N.C. 244;Harris v. Quarry Co., 131 N.C. 556; Thomason v. R. R., 142 N.C. 324;Walters v. Lumber Co., 163 N.C. 541.