ISAAC HOBBS v. THE ATLANTIC AND NORTH CAROLINA
RAILROAD COMPANY.

*Negligence of Fellow-servants—Railroads—Relation of Fire-
man and Engineer.*

1. A railroad company is not liable for injury to its servants resulting
from the negligence of a fellow-servant. This case is governed
by *Hagins v. Railroad*, 106 N. C., 537.

2. The relation between a fireman and locomotive engineer is that of
fellow-servants.

3. The fact that a servant is a foreman over other hands, or is of supe-
rior authority, whose orders other servants are bound to obey,
does not necessarily render the company liable for his negligence
resulting in injury to them.

4. In order to render the company liable to an employee for injuries
caused by the negligence of a fellow-servant, it must appear that
it exposed the servant to unnecessary risks, or retained the negli-
gent or incompetent servant in their employment, knowing him
to be such.

5. Discussion and review of liability for the injury of fellow-servants
by CLARK, J.

107—1

This was a CIVIL ACTION, heard at Spring Term, 1890, of CRAVEN Superior Court, before *Armfield, J.*

The complaint alleged that the plaintiff, a fireman, was injured by the negligence of the engineer, under whose direction and control he was placed in defendant's service; that the engineer negligently ordered him to go out upon the engine and oil certain machinery while the engine was in swift motion; that thereafter the engineer, while the plaintiff was out on the engine, negligently stopped it, so that the plaintiff was injured thereby.

The defendant demurred, on the ground that the complaint did not state a sufficient cause of action.

The Court gave judgment overruling the demurrer.

The defendant appealed.

*H. R. Bryan* and *C. R. Thomas* (by brief), for the plaintiff.
*Mr. W. W. Clark,* for the defendant.

CLARK, J.: In this case, as in *Hagins* v. *Railroad,* 106 N. C., 537, it is set out in the complaint that the injury to the plaintiff, who was a fireman, as in that case a brakesman, was caused by the negligence of the engineer. This case must be governed by that. While it is not always easy to draw the line between what constitutes a fellow-servant and what a superior employee or vice-principal, the relation between a brakesman or fireman and the locomotive engineer is well settled to be that of fellow-servants. It was so held in the first case on the subject, *Murray* v. *S. C. R. R.,* 1 McMillan (S. C.), 385; and has been repeatedly and uniformly so ruled since. *Jordan* v. *Wells,* 3 Woods (C. C.), 527; *Bull* v. *Mobile R. R.,* 67 Ala., 206; *Railroad* v. *Henderson,* 15 Lea (Tenn.), 423; *Henry* v. *Railroad,* 49 Mich., 495; *Pauline* v. *Railroad,* 34 N. J. L., 151; *Railroad* v. *Elliott,* 1 Col., 611; *Jones* v. *Yeager,* 2 Dill, 64; *Caldwell* v. *Brown,* 53 Pa. St., 453 ; *Railroad* v. *Rush,* 15 Lea, 145; *Railroad* v. *Waller,* 48 Ala.,

459; *Howard* v. *Denver R. R.*, 26 Fed. Rep., 837; *Gulf R. R.* v. *Blohn*, 73 Tex., 637 (1889), and there are many others.

In *Dobbin* v. *Railroad*, 81 N. C., 446, it is held that to make the company liable, the negligent employee must be something more than a mere foreman over other hands, and in *Kirk* v. *Railroad*, 94 N. C., 625, SMITH, C. J., says: " The operation of the principle (of non-liability of master for negligence of fellow-servant) is not altered by the fact that the servant chargeable with negligence is a servant of superior authority whose lawful directions the other is bound to obey." The same view is held in *Webb* v. *Railroad*, 97 N. C., 387, by the present Chief Justice, although in the latter case the negligent servant had authority to employ and dismiss the injured employee. The principle above quoted from *Kirk* v. *Railroad* is fully sustained by Whart. Neg., § 229; Wood's Master and Servant, § 437; Cooley on Torts, pp. 543–4; Shear and Red. Neg., § 100; Peirce on Railroad, 366; *Wright* v. *Railroad*, 25 N. Y., 564, and cases cited.

There is no allegation here that the company exposed the plaintiff to unusual and unnecessary risks, or that knowing that the engineer was unfit cr incapable they retained him in their service. Indeed, the services appear to have been those incident to the scope of plaintiff's employment as fireman, and the injury was caused by negligence of the engineer, his fellow-servant. The allegations in the complaint that, " as such fireman, the plaintiff was under the direction and control of the locomotive engineer," and that "engine with train of freight cars attached was managed, controlled and conducted by said engineer and *other agents* and servants of defendant company," in no wise distinguish the case from the ordinary one of fireman and engineer.

The doctrine that a master is not liable to an employee for the negligence of a co-employee rests upon the principle that a man, as a rule, is no more liable for the wrongs done by another man than he is for his debts. There are some

exceptions to the rule; among them, for instance, that passengers injured by the negligence of servants of a common carrier can recover damages of the carrier because of the breach of the contract of safe carriage, and so where a stranger is injured by the acts of a servant within the scope of his emp'oyment. This last is upon the ground of public policy, and also because as to the stranger the servant is the agent of the master. An effort to create a further exception so as to make the common master liable to a servant for an injury done him by the negligence of a fellow-servant first came before the Courts in England in 1837, in the case of *Priestly* v. *Fowler*, 3 Meas. and W. 1, in which Lord Abinger (Sir James Scarlett) in a very able opinion pointed out the inconveniences and often the great injustice which would be produced if the master were held responsible. The principle laid down was that a servant on entering upon his employment contracted with a view to the ordinary risks of such employment, and further, it was public policy that it should be so, since if for injury to a servant by his fellow he could not hold the master liable, servants would be prompted by their own interests to observe want of skill or care on the part of their fellows and promptly report the same. This principle was also laid down (without any knowledge of the Westminster decision) by the Supreme Court of South Carolina in *Murray* v. *Railroad*, 1 McMillan, 385 (1841), and applied to railroad corporations (the case was that of a fireman injured by the negligence of an engineer), and was followed by the able opinion of SHAW, C. J, in *Farwell* v. *Boston &c. R. R.*, 4 Metc, 49. It was applied to railroads in England in 1851 in the case of *Hutchinson* v. *York &c. R. R.*, 5 Exch., 343. Since then the same ruling has been made in a long line of decisions, so that GRAY, J., in *Randall* v. *B. & O. R. R.*, 109 U. S., 478, well says that "the rule of law is now firmly established that one who enters the service of another takes upon himself the ordinary risks of the negli-

gent acts of his fellow servants in the course of his employment."

There are modifications as where the fellow-servant is acting as vice-principal or *alter ego;* also where the master furnishes machinery which he knows, or, with care, ought to have known, to be defective, or retains an unfit or incompetent servant who does the injury or exposes the servant to unusual risks not contemplated by the scope of his employment. But the present case, as we have seen, does not come within any of these. It is still frequently urged that, as to railroads, there should be an exception made to the general rule of non-liability of the master. But, whatever may be argued in favor of or against the propriety of such exception, the rule is so well settled that the Courts have not felt authorized to make it. The change, wherever it has been made, has come by legislative enactment.

In Georgia the common law rule has been repealed by §§ 2083 and 3036 of *The Code,* which provide that when an employee of any railroad company is injured by another employee without any default or negligence on his own part, the company is liable for damages as to passengers for injuries caused by want of due care and diligence.

Similar provisions have been adopted in several other States (McKinney on Fellow-servants, §§ 100–109), and in their Courts are to be found the decisions which are in conflict with ours. Wherever the common law rule has remained, as in this State, unchanged by statute, the holdings of the Courts are in substantial conformity to ours. The common law rule has also been very much modified in England by statutory enactment—the " Employers' Liability Act " (commonly known as the Gladstone Act) of 1880—and that fact must be considered with reference to all the later English decisions.

The demurrer should have been sustained.

*Per Curiam.*                                        Error.