JENNIE T. RITTENHOUSE, Administratrix of Thomas D. Rittenhouse
v. WILMINGTON STREET-RAILWAY COMPANY.

*Action for Damages—Street Railways— Trial—Issues—Negli-
gence and Contributory Negligence— Voluntary Risk—Fellow
Servant—New Trial.*

1. Where an issue submitted to a jury will enable a party to present
   every phase of his case, it is needless to subdivide it into several
   issues.
2. "Voluntary assumption of risk" being embraced in an issue as to
   contributory negligence, it was not error, in the trial of an action
   for damages where the trial judge submitted an issue as to con-
   tributory negligence of plaintiff's intestate, to refuse to submit an
   issue tendered by defendant as to whether the plaintiff's intestate
   "voluntarily assumed" the risk of an injury.
3. Where a witness was sought to be impeached on cross-examination, it
   was error to exclude a written statement signed by him immedi-
   ately after the transaction testified to, which was offered to cor-

roborate his testimony on the trial. That such statement was not written by himself is not material; it is sufficient if he signed it after reading it, or hearing it read.

4. It was proper on a trial to refuse to give an instruction prayed for, which assumed as a fact a matter which was in controversy.

5. A motor-man and track-foreman of a street railway are fellow-servants.

6. The "Fellow-Servant Act" (Ch. 57, Pr. Laws of 1897,) does not apply to an action for injuries received before its passage, and in such case a servant cannot recover for injuries where his violation of his master's orders contributed to such injuries.

7. Where a trial is granted by this court in an action for damages, but the answer to the issue as to damages is not complained of, it is in the discretion of the trial judge as to whether, on a new trial, the issue as to damages shall be retried.

CIVIL ACTION, for damages for injuries to plaintiff's intestate resulting in his death, tried before *Coble*, *J.*, and a jury, at Fall Term, 1896, of NEW HANOVER Superior Court.

*Mr. Thomas W. Strange*, for plaintiff.
*Mr. George Rountree*, for defendant (appellant).

CLARK, J.: We do not think it was error to refuse to admit the fourth issue tendered by the defendant. It is true that in strict parlance, and logically, there is a distinction between contributory negligence of the intestate and his voluntarily taking a risk which he knew to be dangerous. "Carelessness is not the same thing as intelligent choice," and most respectable authorities have pointed out the distinction. Bowen, L. J., in *Thomas* v. *Quartermaine*, 18 Q. B. D., 685, 697; *Minor* v. *Railroad*, 153 Mass., 398. But upon the issue of "contributory negligence" both phases of the matter, negligence and voluntary assumption of risk, could be submitted to the jury, and the charge shows that the Judge did so submit this case. The defendant was not cut off from presenting any

120—69

phase of his defense, and it can serve no good purpose to more minutely divide the issues. *Humphrey* v. *Church*, 109 N. C., 132; *Denmark* v. *Railroad*, 107 N. C., 185. It would rather serve to confuse the jury. The jury readily comprehend that, by the issue of contributory negligence, they are asked to find whether the defendant's fault was the proximate cause of his injury, and it is immaterial whether that fault was carelessness or a reckless assumption of risk, provided the jury are given to understand (as they were in this case by the evidence, the argument of counsel, the prayers for instruction, and the charge of the court) that the issue was broad enough to cover both phases. ''Reckless assumption of risk'' has always been taken in our courts as being embraced in the issue of contributory negligence. *Burgin* v. *Railroad*, 115 N. C., 673; *Doster* v. *Street Railway*, 117 N. C., 651; *Turner* v. *Lumber Co.*, 119 N. C., 387. No harm has come from this course, and there is no need of further refinement.

It was error to exclude a written declaration of the witness Sheehan offered to corroborate him. *Burnett* v. *Railroad*, at this term, and a summary of cases there cited. It made no difference that such declaration was not written by the witness. That it was read over to him and signed by him made it his as fully as if he had written it.

The seventh prayer for instruction was properly refused, as it assumed as a fact, though it was controverted, that the bad condition of the track was due to the negligence of C. H. Gilbert, and overlooked the further contention that the defendant was negligent in placing such a man, claimed to be unreliable, in charge of the track, and the evidence tending to show that neither he nor any one else was really charged with the regular and careful supervision and inspection of it. Freed from these controverted

questions of fact, it is sufficient to say that if Gilbert was responsible for the condition of the track, the intestate motorman and he were fellow-servants. *Ponton* v. *Railroad*, 51 N. C., 245; *Kirk* v. *Railroad*, 94 N. C., 625, cited and approved in *Hobbs* v. *Railroad*, 107 N. C., 1; *Walker* v. *Railroad*, 128 Mass., 8; *Johnson* v. *Tow-Boat Co.*, 135 Mass., 209; *Howd* v. *Railroad*, 50 Miss., 178; *Railroad* v. *Tendal*, 74 Am. Dec., 259. The Act of 1897 (inadvertently printed among the Private Laws of 1897, Ch. 56), which provides that in actions against a railroad company for death or injuries sustained by an employee, the negligence of a fellow servant shall not be a defence, though valid as to injuries occurring after its ratification, is not and cannot be retroactive, and at the time of the accident which caused the death of the intestate the company was not liable for the negligence of his fellow servant. *Hagins* v. *Railway*, 106 N. C., 537; *Hobbs* v. *Railroad*, *supra*.

It is also proper to say, as it may be of assistance upon another trial, that if Rittenhouse was running his car rapidly over the bridge, contrary to Rule 38 of the company, and the jury shall find that this was the proximate cause of injury, the plaintiff cannot recover. It is settled law that a servant cannot recover where his violation of his master's orders contributed to the injury. Bailey's Master's Liability, 89, and note; *Russell* v. *Railroad*, 47 Fed. Rep., 204; *Mason* v. *Railroad*, 114 N. C., 718.

There being no exception to the finding upon the third issue, as to the quantum of damages, the appellant defendant requested that, if a new trial were awarded, it should only be granted upon the other issues, as was the case in *Tillett* v. *Railroad*, 115 N. C., 662. Whether in such cases the new trial shall be partial or not was held in *Nathan* v. *Railway*, 118 N. C., 1066, to be in the dis-

cretion of the court, and in this case the majority of the court are of opinion that the new trial should be unrestricted and upon all the issues.

New Trial.