T. H. PLEASANTS v. THE RALEIGH & AUGUSTA AIR LINE RAILROAD COMPANY

*Action for Damages—Railroads—Negligence—Fellow Servants —Employment of Incapable Servants—Defect in Roadbed— Signals—Instructions.*

1. The conductor of a side tracked train whose duty it is to close the switch and give the "all right" signal for the clear passage of another train on the main line, is the fellow servant and not the vice principal of the locomotive engineer of the latter train both being employees of the same Company.

2. The fact that a switch was negligently left open whereby an accident was caused to a passing train. is not evidence of a defect in the roadbed for failure to keep which in safe condition a person thereby injured can recover damages from the Company.

3. Where, in the trial of an action for damages for an injury resulting from the negligence of a Railroad Company, it appeared that a con-

ductor of a freight train had been employed as such only three or four weeks and that he negligently left open a switch to a side track on which a section of his train was standing and gave the "all right" signal to a passing train on the main track, in consequence of which a collision occurred; *Held*, that such a presumption of negligence in the employment of an incompetent servant was raised against the Company by such facts as to warrant the submission of an issue as to such negligence.

4. Where the rules of a Railroad Company required the employees of a side-tracked train to close the switch after getting upon the side track and, upon the approach of a train on the main track, to give the "go ahead" or "all right" signal, and also forbade a train passing on the main track to go ahead until the requisite signal was given; *Held*, in the trial of an action for damages for an injury resulting from the negligence of defendant's servant in giving the "go ahead" signal when the switch was open, that it was error to charge that, "it being admitted that the switch was capable of bearing a signal light which would have showed red where the track was unsafe, it was the duty of the Company to use such signal light upon the switch."

CIVIL ACTION for damages tried before *Adams, J.*, and a jury, at April Term, 1897, of WAKE Superior Court. There was a verdict for the plaintiff for $10,375.00 which the defendant moved to have set aside on the ground of excessive damages. The motion was refused and from the judgment rendered on the verdict the defendant appealed, assigning as error the instructions to the jury. The facts upon which the action was based and which appeared on the trial, are set out in the opinion.

*Mr. R. O. Burton*, for plaintiff.
*Messrs. L. R. Watts, McRae & Day* and *J. B. Batchelor*, for defendant (appellant).

FURCHES, J.: On the 30th of January, 1896, the plaintiff and one Dunn, were both in the employ of the defendant— the plaintiff as locomotive engineer on a freight train, and Dunn as conductor of a freight train. On that day the plaintiff was operating a train running from Monroe, North

to Raleigh, and Dunn was running his train from Raleigh, South. These trains should have passed each other at a station on the defendant's road, called Manly but, by the fault and negligence of Dunn, the plaintiff's train ran into Dunn's train and the plaintiff was badly injured. There were side tracks at Manly and when plaintiff's train reached that station, plaintiff found Dunn's train there, standing on the side track: and, being too long for one side track, it had been divided into two sections and one of these placed on either side of the main track. Rule 94a of the defendant Company required the conductor or flagman of the train first reaching stations where it was necessary to side track for a passing train, that is, made it the duty of Dunn or a flagman, to close the switch of the side track after moving the train off the main line, and, when the switch was closed and secured, to signal the approaching train on; that is, to give the "all right" signal, and the approaching train passes on without stopping. When the plaintiff reached Manly with his train, he found Dunn's train on the side track, Dunn standing at the switch. When Dunn gave him the "all right" signal, the plaintiff drove his train forward. But, instead of the switch being closed as it should have been, it was left wide open and a fearful crash took place in which the plaintiff was terribly injured and much other damage done. Dunn had only been employed as such conductor three or four weeks.

The plaintiff claims that upon these facts the defendant is liable to him in damages for the injuries he received.

In the first place the plaintiff denies that he and Dunn were fellow servants of defendant Company, and alleges that Dunn was his vice-principal. Plaintiff also contends that his injuries were caused by reason of a defective road-bed, or track, for which defendant is liable without reference to the question of vice-principal. He also contends that

defendant negligently and carelessly employed Dunn as conductor, who is negligent and incompetent to perform the duties of his position, and he was thereby injured.    If either of these positions is sustained, the judgment of the Court below should be sustained, unless error was committed on the trial.

In the catholic sense of the term, the plaintiff and Dunn were fellow servants.    They were both employed by and in the service of defendant Company.    *Wauder* v. *B. & O. Railroad*, 32 Ind. 411; *Railroad* v. *Arnold*, 31 Ind. 174; *Warner* v. *Erie Railroad*, 39 N. Y., 468; Wharton's Law of Negligence, Section 229; Cooley on Torts, 543; *Randall* v. *B. & O. Railroad*, 109 U. S., 747.    The same doctrine is held in *Hobbs* v. *Railroad*, 107 N. C., 1; *Hagins* v. *Railway*, 106 N. C., 537; *Webb* v. *Railroad*, 97 N. C., 387; *Kirk* v. *Railway Co.*, 94 N. C., 625.

In *Rittenhouse* v. *Railway Co.*, 120 N. C., 544, it is held that the motorman and a track superintendent in the employ of the same company are fellow servants.

In *Ponton* v. *Railroad*, 51 N. C., 245, a case very similar to this, where a switch had been left open by the operators of the train that had side-tracked to let another train pass, and the passing train ran into the train on the side track and injured an employee on the train side-tracked, Ruffin, C. J., delivering the opinion of the Court said, that they were fellow servants and the action could not be maintained.    So, to enable the plaintiff to recover upon the first ground assigned, it must not only appear that plaintiff and Dunn were fellow servants, but it must also appear that Dunn was the vice-principal of the plaintiff.    That is, that Dunn was the superior of the plaintiff and had the power to dismiss the plaintiff from his employment.    *Turner* v. *Lumber Co.*, 119 N. C., 387.

*Purcell* v. *Railroad*, 119 N. C., 728, holds that a conductor

on an independent train is the vice-principal as to a brakeman on *that* train.

*Shadd* v. *Railroad*, 116 N. C., 968, holds that the conductor is a vice-principal as to those on *his* train subject to his orders.

It is said in *Mason* v. *Railroad*, 111 N. C., 482, that the conductor on the train is not a fellow servant of a person employed in coupling cars. By this statement which is not necessary to the decision of the case, we understand the Court to mean that the conductor in this case was the vice-principal of the person coupling cars.

But none of these cases sustain the plaintiff's contention that Dunn was his vice-principal. They all relate to conductors and the employees on *that* train, who are under and subject to his command. That is not the case here. But to show more clearly that Dunn was not the vice-principal —the superior officer of the plaintiff—we see that the rule referred to, (94a), provides that this work—closing the switch and giving the signal "all right."—may be done by Dunn or by a *flagman* on Dunn's train. Suppose it had been the flagman on Dunn's train that stood by the switch and gave the signal "all right," would it be contended that he was the superior and the vice-principal of the plaintiff? If not, can it be contended that Dunn, doing the work of a flagman, was the plaintiff's vice-principal? The plaintiff must fail on this contention.

The next contention is that the defendant is bound to keep its road-bed in good condition, and that this is a duty devolving upon it that cannot be delegated; and the fact that this switch was not closed was a defect in the defendant's road-bed that caused the plaintiff's injury, and that the defendant is liable to him in damages on this account. But this contention cannot be maintained. There was no defect in the road-bed. It was sound and in good condition,

and was not the cause of the plaintiff's injury.   That was the result of the carelessness or the incompetency of Dunn, and the defendant is not liable unless it can be made so through the negligence or incompetency of Dunn.   This we have seen he cannot do, unless he was negligently employed by the defendant.

The plaintiff's next contention is that Dunn was negligent and incompetent when employed and that the defendant knew this, or could have known it by the exercise of reasonable care, which was not exercised, in his selection and employment.

There was no evidence that the defendant knew of the incompetency of Dunn when he was employed, except his action on the occasion of this fearful wreck, and the fact that he had not been employed in this capacity more than three or four weeks.   These facts raise such presumptions against the defendant as to make this an issue fit to be submitted to the jury under proper instructions from the Court.   *Lee* v. *Railroad Co.*, 87 Michigan 575; *Evansville &c., Railroad* v. *Guyton*, 115 Ind. 450; *Keith* v. *New Haven &c., Railroad*, 140 Mass. 175; Bailey Liability for Injury to Servants, pages 46–56.

The Court among other things charged the jury as follows to which the defendant excepted:

1.   "That the conductor Dunn and the plaintiff under the evidence were not fellow servants."

2.   "That Dunn in his duty of managing the switch and giving the signal to plaintiff represented the defendant in the performance of absolute duties which the company owed to the plaintiff, and his negligence, if any, was the negligence of the Company and not of a fellow servant."

3.   "That Dunn in his duty of signaling to the plaintiff when the track was clear represented the Company in the

performance of an absolute duty which the Company owed to the plaintiff, and if he was negligent it was the negligence of the Company and not of a fellow servant."

4. "That, it being admitted that the switch was capable of bearing a signal light, which would have showed red when the track was unsafe, it was the duty of the Company to use such signal light upon the switch."

There was error in these instructions for which the defendant is entitled to a new trial.

New trial.

DOUGLAS, J., dissenting: I am forced to dissent from the opinion of the Court, and especially from the propriety of its promulgation after every matter in controversy had been fully settled between the parties, and a final judgment by consent entered in the Court below; but it seems needless to enter into any lengthy discussion of a repudiated doctrine, which, beyond one or two pending cases, has no further power to harm.