J. W. WRIGHT, JR., v. NORTHAMPTON & HERTFORD RAILROAD COMPANY.

(Decided March 1, 1898.)

*Action for Damages—Master and Servant—Fellow-Servants—Conductor and Engineer—Section-Master—Passengers.*

1. A conductor of a train is not a vice-principal of a section-master in the employment of the company, since the latter is not subject to the orders or commands of the former.

2. A locomotive engineer, who also acts as conductor of a train, is a fellow-servant of a section-master of the same company to whom is accorded the privilege of riding on trains to and from his place of labor.

3. A section-master who, after his day's work, rides on a train to his lodging place without paying or being expected to pay his fare, is not a passenger.

CIVIL ACTION for damages for personal injuries, tried before *Bryan, J.,* and a jury at August Term, 1897, of NORTHAMPTON Superior Court. The facts sufficiently appear in the opinion. There was a verdict of $1,200. for the plaintiff, and from the judgment thereon the defendant appealed.

*Mr. R. B. Peebles* for plaintiff.

*Messrs. MacRae & Day* and *W. W. Peebles & Son* for defendant (appellant).

MONTGOMERY, J.: This action was commenced on the 1st day of March, 1895, and the plaintiff's object was to recover of the defendant company damages for injuries which the plaintiff alleged he had sustained on account of the negligence of the defendant. Whether or not the plaintiff and the engineer (Lester) of the defendant company were fellow servants when the plaintiff was injured is the question raised by the defendant's exceptions to his Honor's instructions to the jury on that point. The third issue submitted to the jury was in the following words: "Was the plaintiff injured by the negligence of a fellow servant? If so, which one?" The jury in response answered "No." Upon that issue the Court instructed the jury that, if the train on which the plaintiff was riding at the time he was injured was under control of Lester, he acting both as engineer and conductor, then the plaintiff and Lester were not fellow servants, and the jury should answer the third issue "No." There was error in that instruction. That Lester was engineer and conductor did not constitute him a vice-principal as to the plaintiff. A section master's duties have no-connection whatever with the train service, and for the performance of his duties he is not responsible to the conductors of trains. A conductor stands in the relation of vice-principal only towards such employees of the common master as have employment on his own train, and who are under his orders and subject to his command. *Shadd* v. *Railroad*, 116 N. C., 968; *Pleasants* v. *Railroad*, 121 N. C., 492.

His Honor further instructed the jury that if they

believed the evidence they should answer the first issue "Yes." That issue was in these words : "Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?" The complaint alleged that the plaintiff was a passenger on the defendant's train, and not an employee, and also that the general manager, who was also superintendent, was present at the time the plaintiff was injured, and gave the order to the engineer which resulted in the plaintiff's injury. His Honor erred in giving this instruction. In reference to the conduct of the superintendent and general manager, Kell, the plaintiff testified that that officer was on the engine, and upon being informed by the engineer that the head-light was out, and asked by the superior whether he should go ahead, answered, "Yes, go ahead." Kell, in his testimony, said that he never spoke to the engineer on the subject, nor did he give him any orders on the occasion.

The contention of the plaintiff was that when the manager and superintendent ordered the engineer to go ahead on a dark night and without a light, the plaintiff suffering injury by the engine being driven over the "bumping post," the plaintiff's injury was in consequence of the order, and that the company was, therefore, liable. But the plaintiff's testimony was flatly contradicted by that of the superintendent, and the matter should have been submitted to the jury. The facts as they bear upon the question as to whether the plaintiff was a passenger on the defendant's train, are as follows : The plaintiff was a section master in the employment of the defendant, and slept sometimes at Gumberry, the northern terminus of the road, sometimes at Jackson, the southern terminus, and sometimes at Mowfield, an intermediate station. After his day's

work was over he went to his sleeping place on a hand-car or on the defendant's train, as suited his convenience. On the night when the plaintiff was injured he and the laborers working under him, having left off work for the day, with a light for a signal on the side of the railroad, were waiting for the train on its way to Gumberry. All were taken on, the plaintiff getting on the engine, and the hands on the flat cars loaded with logs. No fares at any time were received or expected from the plaintiff. These facts do not, in our opinion, constitute the plaintiff a passenger on the train. He invariably used the hand-car, or the train of the company, to aid him in the prosecution of his work. The act of going to and from his work in the manner pointed out, although for the benefit of the plaintiff, connects him with the service of the company, although he was not *actually* engaged in the work for which he was employed, at the time of his injury. If there had been a contract between the plaintiff and the company that the plaintiff should be carried to and from his work to his sleeping place, then certainly the plaintiff would have been injured while engaged in the service for which he was employed *Abell* v. *Railroad*, 63 Md.; *Turney* v. *Railroad*, L. R., 1 C. P., 291; *Seaver* v. *Railroad*, 14 Gray, 466.

Again, if it cannot be inferred from the evidence that there was a contract between the parties to the effect that the plaintiff was to be carried to and from his place of labor by the defendant, there does appear a privilege permitted to the plaintiff to use the defendant's train whenever he chose to use it, and of which he availed himself, to aid and facilitate his labors and service, and connects him by such privilege and user with the service of the company thereby creating the relation of fellow servant between him and the engineer. Gillshaum,

etc., R. R. Co., 10 Cushing, 228.    There was error as pointed out.

New trial.

DOUGLAS, J., dissents.