WHIT HANCOCK v. NORFOLK & WESTERN RAILWAY CO.

(Decided March 21, 1899).

*Damages—Negligence—"Fellow Servant Act" of 1897— Unnecessary Printing—Rule 22.*

1. "The Fellow Servant Act," ratified February 23, 1897, notwithstanding it is improperly published among the Private Acts, is a Public Law, of which the Court will take notice without being pleaded.

2. Said Act does not grant exclusive privileges, and is not in contravention of the Constitution, Federal or State, neither does it cut off the defense of contributory negligence.

3. The cost of sending up unnecessary matter in the record will be paid by the party occasioning it to be done.

CIVIL ACTION for damages for personal injury, caused by the negligence of a fellow-servant in the employment of the defendant Company, tried before *Timberlake, J.,* at October Term, 1898, of DURHAM Superior Court.

The complaint alleged that the plaintiff, in the month of June, 1898, was an employee of the defendant Company, and while acting under orders with other section hands, was engaged in propelling a hand-car to their place of work, in front of a freight train then shifting upon the same track, and that when about 150 yards from the starting point, the hand-car ran through an open switch, unperceived by him, and which some brakeman or other employee of the defendant had negligently permitted to remain open, in consequence of which the hand-car ran off the iron rails on to the cross-ties, and he was violently thrown to the ground and dreadfully and permanently injured and disabled.

The answer controverted the injury to the extent alleged in the complaint, and sets up the defence of contributory negligence.

The issues were found in favor of plaintiff and damages awarded for full amount claimed, viz., $1,999.99.

Motion for a new trial being refused, the defendant moved to arrest the judgment and dismiss the action on the ground that the complaint does not state facts sufficient to constitute a cause of action, as appears of record.

Chapter 56, Private Laws of 1897, entitled "An Act to prescribe the liability of Railroads in certain cases, ratified the 23d day of February, 1897," is not pleaded or referred to in the pleadings (commonly known as "the Fellow-Servant Act").

The motion in arrest, &c., was overruled, and defendant excepted and appealed.

Anticipating that the Supreme Court may hold that the matters above excepted to, being entirely matters of record, and that no case settled is necessary, the defendant's counsel, in behalf of the appellant, under the provisions of the Rule of Practice in the Supreme Court, printed in 119 N. C., 939, entitled, "Exceptions, 27, how assigned," within ten days next after end of the term, files the foregoing exceptions in the office of the Clerk of the Superior Court of Durham County.

*Messrs. Guthrie & Guthrie,* for defendant (appellant).
*Messrs. Boone & Bryant,* for plaintiff.

CLARK, J. The decision of this case depends upon chapter 56, Private Laws 1897, "An Act to prescribe the liabilities of railroads in certain cases." This statute, commonly known as the "Fellow-Servant Act" was ratified on the 23d day of February, 1897, and provides:

"Section 1. That any servant or employee of any railroad company operating in this State, who shall suffer injury to

HANCOCK *v.* RAILWAY CO.

his person, or the personal representative of any such servant or employee, who shall have suffered death in the course of his services or employment with said company, by the negligence, carelessness or incompetency of any other servant, employee or agent of the company, or by any defect in the machinery, ways or appliances of the company, shall be entitled to maintain an action against·such company."

"Sec. 2. That any contract or agreement, expressed or implied, made by any employee of said company to waive the benefit of the aforesaid section shall be null and void."

The plaintiff was injured in the service of the defendant since the ratification of this Act. The defendant contends that the injury was caused by the negligence of a fellow-servant of the plaintiff, to-wit, a brakeman on the passenger train, in leaving the switch open, whereby the hand-car was derailed. Its counsel cites, *inter alia, Ponton v Railroad,* 51 N. C., 245; *Pleasants v. Railroad,* 121 N. C., 492, and *Wright v. Railroad,* 122 N. C., 852, which sustain the contention that if the injury was thus caused the action could not have been maintained at common law. The defendant excepts as to above statute, which the Judge held confers a right of action in such case, because (1) "It is a private act, and, as such, under section 264 of The Code of North Carolina, it should have been pleaded. (2) Whether this Act is public or private, it is unconstitutional and void when applied in a case like this to fellow-servants of a 'railroad company operating in this State,' upon the ground that it undertakes to confer upon servants and employees of such companies separate and exclusive privileges from the rest of the community engaged in similar private employment, which are denied even to servants and employees of railroad construction companies and of street railroads and railroad bridge companies and partnerships operating lumber and mining railroads, since its provisions are confined strictly to

railroad companies,' and therefore violates Article I, section 7 of the Constitution of the State."

As to the first ground of exception, the Act is so plainly and clearly a public statute that it is a mystery why it was placed among the Private Acts. *Kinnie v. Railroad,* 122 N. C., 961; *Wright v. Railroad,* 123 N. C., 280. But by whom and for what purpose this was done is immaterial. Whether a statute is private or public depends upon its contents and not upon the conduct or judgment of the person who directs the compilation in which it shall be published. *Durham v. Railroad,* 108 N. C., 339. Indeed, part of an Act may be public and parts thereof a private Act. Being a public statute, the fact that it was printed among the Private Acts did not make it incumbent upon the plaintiff to plead it.

As to the second ground of exception, nothing in this case requires us to pass upon the questions, which can not arise upon the facts herein, whether the " 'Fellow-Servant Act' applies to street railroads, partnerships operating lumber and mining railroads, railroad construction companies, and railroad bridge companies, and whether the defendant can set up the defence of a knowledge of defective machinery by the plaintiff and assumption of risk." Beyond controversy, the plaintiff was in the employment of "a railroad company operating in this State," when injured. These matters may possibly come up for adjudication when the facts of some case present the question. But in the meantime "sufficient unto the day is the evil thereof."

As to the other question learnedly argued in the brief, whether under the "Fellow-Servant" statute the defendant can plead contributory negligence on the part of the servant injured, there can be no doubt. The statute goes no further than to remove the defence that the injury was sustained by the negligence of a fellow-servant. The defendant does not,

take his own argument on this point seriously, for in fact he sets up the plea of contributory negligence, and an issue thereon was submitted to the jury and found in favor of the plaintiff.

We see no ground for the defendant's contention that the Act in question violates Article I, section 7 of the North Carolina Constitution, by "conferring exclusive privileges upon any set of men." The law exempting a master from liability to a servant for the negligence of a fellow-servant is by judicial construction and of comparatively recent origin. Its history is traced in *Hobbs v. Railroad*, 107 N. C., 1. Its extent has been differently outlined in different States by judicial construction, and in several States it has been restricted by legislative enactment so as not to extend to employees of railroad companies, as has now been done in this State. As the original ground of the decision was that a servant knew the character, for care, of his fellow-servant, and entered service with a view to that risk, the Courts themselves might logically have long since modified the ruling not to extend to an employment like that of railroads embracing many thousands of employees and exposing its servants to peculiar risks. The "Fellow-Servant Act" now in question applies to a well-defined class, and operates equally as to all within that class. Indeed, any Act incorporating a company confers special privileges upon the stockholders but not exclusive privileges within the meaning of the Constitution. We fail to see in this Act any conferring of "exclusive privileges" within the language or intent of the constitutional provision in question. *Broadfoot v. Fayetteville*, 121 N. C., 418; and similar "Fellow-Servant Acts" almost *in totidem verbis*, in other States have been held by the Federal Supreme Court to be not in conflict with the "equal protection" clause of the Fourteenth Amendment. Our statute specifies "serv-

ants or employees of any railroad company operating in this State," etc.    The Kansas statute, which uses the words "every railroad company organized and doing business in this State shall be liable," etc., was held valid in *Railroad v. Mackey,* 127 U. S., 205, and the Iowa statute, which uses the words "every corporation operating a railroad shall be liable," etc., was sustained in *Railroad v. Herrick,* 127 U. S., 211, and both cases have been very recently reviewed and re-affirmed in *Railroad v. Matthews,* 165 U. S., 1 (at p. 25), all of which have been lately cited as authority by this Court in *Broadfoot v. Fayetteville, supra,* at page 422.

In another recent case *(Chicago R. Co. v. Pontius,* 157 U. S., 209, at p. 210,) the Federal Supreme Court, through Chief Justice FULLER, approving *Railroad v. Mackey,* 127 U. S., 205, has thus stated the ruling, with approval: "As to the objection that the law (the Kansas statute above cited) deprived railroad companies of the equal protection of the laws, and so infringed the Fourteenth Amendment, this Court held that legislation which was special in its character was not necessarily within the constitutional inhibition, if the same rule was applied under the same circumstances and conditions; that the hazardous character of the business of operating a railroad seemed to call for special legislation with respect to railroad corporations, having for its object the protection of their employees as well as the safety of the public; that the business of other corporations was not subject to similar dangers to their employees, and that such legislation could not be objected to on the ground of making an unjust discrimination since it met a particular necessity, and all railroad corporations were, without distinction, made subject to the same liability."

The attack of the defendant's counsel upon the constitutionality of the "Fellow-Servant Act" has been delivered

with force and ability, but we can not perceive that the reasoning in the above decisions of our highest Federal Court is otherwise than sound.

. The other exceptions taken in this appeal are without merit and do not require detailed discussion.

The defendant further moved in this Court, under Rule 22, to tax the appellee with the costs of transcript and of printing "all the evidence, there being no exception thereto, and the special instructions asked for by the defendant and which were given, and the Judge's charge in full," the appellant having objected to sending up this matter, as unnecessary, when settling the "case on appeal," citing *Mining Co. v. Smelting Co.,* 119 N. C., 415; *Durham v. Railroad,* 108 N. C., 399, and *Roberts v. Lewald, Ibid,* 405. The defendant's exceptions to the charge required that the whole charge be sent up (if the appellee desired it done), as it would be manifestly unjust to single out a single sentence without aid from the context, and for the same reason the instructions asked by the appellant, though given, were not improperly sent us. But there was no exception to evidence and no dispute as to it, nor any phase of it, presented by exceptions to the charge, which required the evidence to be sent up, there being a hypothetical presentation in the charge, and the special instructions of the different states of fact . alleged by the parties to have been proved. The sending up of the evidence in full‧ over the appellant's objection was unnecessary, and the appellee, though successful here, must be taxed with the cost of transcript of the evidence and the printing thereof. While appellate Courts do not encourage motions as to mere matters of costs of appeal, it is their duty, when objection is made, at the time of settling a case on appeal, to sending up unnecessary matter in the record, to protect appellants, if unsuccessful, from the need-

less expense thus thrown on them. If the appellant is successful, of course the appellee must bear the charges of his own extravagance, and no motion is necessary. The appellant's motion in this Court is allowed in part, but the judgment of the Court below is affirmed.