CLARK and DOUGLAS, JJ., dissenting. *Page 400 
There is error in the admission of the evidence to which exceptions 1, 2, 3, 6 and 7 are taken.
The negligence complained of and alleged in the complaint is that defendant company required him to work under a boss, captain or superintendent, and that it was its duty, under their contract, to furnish a boss or superintendent to look after, to see to and protect the safety of its employees, and to guard them against dangers incident to the business of blasting rocks by the use of dynamite, gunpowder and other explosives which were dangerous. And that, on the occasion of plaintiff's injury, the defendant company's boss or superintendent informed plaintiff that it was safe and free from danger to drill out a hole that had been drilled, loaded with explosives, tamped and attempted to be fired, saying at the time that said explosive had been fired and that there was no danger, and ordered plaintiffs and others to drill out the hole; and he, relying upon the skill, knowledge and judgment of said boss, obeyed the order, and in doing so the explosion took place, doing him great injury, which directly resulted from the gross negligence and carelessness of defendant company in having failed and neglected to furnish a man, as it agreed to do, who was skilled and experienced and who possessed the requisite knowledge and ability to protect the plaintiff from such injury, as it should have done and as it had contracted and agreed to do.
So the gravamen of the alleged negligence is that the injuries were caused by the incompetency of the defendant's boss or superintendent, in directing the execution of the work in (555) an unsafe and dangerous manner, and in ordering the plaintiff to do a hazardous act, which was not so known to be by the boss, Burgess, on account of his incompetency, inexperience and lack of skill.
The evidence excepted to was introduced for the purpose of showing, and did show, that Burgess was a foreman and vice-principal, and that he had authority to employ and discharge hands and employees, and had control over them, but did not tend to show that he was incompetent, inexperienced and unskilled. There is no allegation in the complaint that plaintiff's *Page 401 
injury was caused by the negligence of defendant company, acting through Burgess as its vice-principal, or that he was such vice-principal, having authority to employ and discharge hands and to control them in their work. So the evidence was incompetent and should have been excluded. Proof without allegation is equally as ineffective as allegation without proof; therefore "the court cannot take notice of any proof unless there is a corresponding allegation." McKee v. Lineberger, 69 N.C. 239; McLaurin v.Conly, 90 N.C. 50. Hence, "A plaintiff is not allowed to declare on one cause of action and prove another, because, if such variances are tolerated, however diligent the defendant may be, he cannot so prepare his defense as to meet surprises." Smith v. B L. Assn., 116 N.C. at p. 111;Willis v. Branch, 94 N.C. 142; Conly v. R. R., 109 N.C. 692.
The only evidence offered to show that Burgess, the boss, was incompetent or unskilled and inexperienced in his business was that of the witness Holdert, which was erroneously admitted over defendant's objection (exceptions 4 and 5), for the reason that the witness failed to show any such special knowledge as would render him competent as an expert. But, had he qualified himself as an expert, it would not have been of any advantage to plaintiff, as he failed to allege in his complaint that defendant company knew of such incompetency when he was hired, or kept him in its employment after acquiring (556) such knowledge. Hagan v. R. R., 106 N.C. 537; Hobbsv. R. R., 107 N.C. 1; 9 L.R.A., 838.
There are many other exceptions, which are unnecessary to be considered, as there was error not sustaining defendant's motion to nonsuit, to which exceptions nine and ten were taken. The evidence of plaintiff and defendant, taken separately and together, fails to show negligence upon the part of defendant company. After the two holes had been drilled, varying in the estimate of depth from six to twelve feet, they were charged with powder, and at the word "fire" the battery was applied and an explosion occurred. Whether the explosion took place in one of the holes was a matter of doubt by Burgess, Fowler and Edney (the two others engaged with plaintiff). But after going around and looking down, talking about it and making an examination, Fowler and Edney came to the conclusion that both
holes went off, and said to Burgess that they had gone off. Then Burgess told them if they thought it had gone off to clean it out. Edney and Fowler got ready to do so, and needed the help of plaintiff, who under Burgess's order went to help them, and while cleaning it out with the drill the explosion took place, doing the injury to plaintiff. The testimony fails to show any neglect of *Page 402 
duty. The manner of cleaning out by "churning" was the usual way, and it was not contended to have been done negligently. An examination had been made by Fowler and Edney (the latter having been killed and the former badly injured), who were competent and experienced workmen (as shown by the evidence), under the supervision of Burgess, the foreman, and in their judgment, from what they saw while investigating, the "hole did go off," and they undertook to clean it out. But in fact the explosion had not taken place in this hole, but it had in the other; they were mistaken; so the evidence shows an accident (557) caused by mistake and not by neglect of duty, for which the plaintiff cannot recover.
New trial.