# Birmingham Railway Light & Power Co. *v.* Sawyer.

### *Action for Injury to Passenger.*

(Decided June 18, 1908. 47 South. 67.)

1. *Carriers; Passengers; Relation; Material Allegations.*—The allegation in the complaint that plaintiff was a passenger on defendant's car, is material and must be proven; such averment is not proven by evidence that the plaintiff was in the employ of the defendant in its section gang, and that at the time of the injury was being carried on a car as such employe on his badge furnished by his employer, and without the payment of fare.

2. *Same; Passenger; Evidence.*—On proof of a collision and consequent injury to a passenger a prima facie case for recovery is made out under a count charging simple negligence.

3. *Same; Licensees.*—As the only duty a carrier owes to a licensee is not to wantonly or intentionally injure him, or to exercise due care to prevent injuring him after his danger becomes apparent the proof of a collision and consequent injury to the licensee would not make out a prima facie case in the absence of proof of negligence after the discovery of peril, or of wantonness.

4. *Master and Servant; Injury to Servant; Negligence.*—Proof of collision and the consequent injury to a servant does not make out a prima facie case for recovery in the absence of proof of negligence.

5. *Same; Employe; Care as to.*—A master owes to his servant the duty of exercising reasonable care to avoid injuring the servant.

6. *Carrier; Passenger; Care Required.*—A carrier owes to its passenger the highest degree of care to avoid injuring him.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by W. H. Sawyer against the Birmingham Railway Light & Power Company for personal injuries received in a collision. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The plaintiff was an employe and not a passenger under the proof in this case.—6 Cyc. 543; *K. C. R. R. Co. v. Salmon,* 11 Kan. 83; *Russell v. Hudson River R. R. Co.* 17 N. Y. 134; *Vick v. New York Central,* 47 Am. Rep. 36; 94 Am. St. Rep. 125; 79 Am. St. Rep. 812.

POWELL & BLACKBURN, for appellee. No brief came to the Reporter.

TYSON, C. J.—In each of the counts it is alleged that plaintiff was a passenger on defendant's car at the time he was injured. It is scarcely necessary to say that this is a material allegation, and must be proven. If the relation of the parties as that of carrier and passenger was not shown, but that of master and servant, or that of a mere licensee, of course, there could be no recovery in this case. In short, the plaintiff cannot be permitted to allege one relation and prove another. If the plaintiff was riding on the car by virtue of his employment and in that relation to defendant, or if he was accorded the privilege of riding solely on account of his being an employe, it is obvious that the rules of evidence governing the defendant's liability and the measure of damages recoverable would be entirely different from those that would obtain and control in the case of a passenger. If a passenger, as alleged, upon mere proof of the collision and injury, his prima facie right of recovery was established under those counts charging simple negligence. On the other hand, if he was riding as an employe, in addition to showing a collision and injury, he would have to adduce some evidence tending to show negligence, or if as a licensee the only duty defendant owed him was not to wantonly or intentionally injure him, or to exercise due care to avert the injury

after his danger became apparent.—*McCauley v. T. C. I. & R. Co.,* 93 Ala. 356, 9 South. 611. Besides, the degree of care required with respect to plaintiff as passenger and that of an employe would be entirely different. As a passenger the defendant, as a carrier, owed him the highest degree of care; as his employer it only owed him the duty of exercising reasonable care not to injure him. It thus becomes apparent that the question whether or not plaintiff was a passenger is an important one.

Was he a passenger? According to his own testimony, which was in no wise disputed, he was riding as an employe of defendant on the car, going to his work from his home. He was at the time one of the section hands, engaged in putting in crossties on the roadbed of defendant's track. He was furnished a badge by the defendant, which was an insignia of his employment by it, and which entitled him to be carried free upon its cars. He said: "I was riding on my badge the day I got hurt, and did not pay any fare. I was riding as an employe or workman for the company." He also testified "that it was the rule of the company to take the workman from home to the place they went to work, and to take them back, without charging them any fare, and, I being a workman and having my badge, they carried me without making me pay any fare." On this state of facts, which, as we have said above, are without dispute, we are constrained to hold that plaintiff was not a passenger, but was in the exercise of a mere privilege connected with his employment.—*Wright v. Railroad,* 122 N. C. 852, 29 S. E. 100; 6 Cyc. 543, § 4, and cases cited in note; Elliott on R. R. (2d Ed.) § 1578a: Labatt on Master and Servant, pp. 1825-1829, § 624, (b), (c), and notes; Dresser's Employer's Liability, p. 75, § 13; Roberts & Wallace Duty and Liability of Employers, p. 183.

[Alabama Great Southern Railway Co. v. Godfrey.]

It is obvious, for another reason, on the facts stated by plaintiff, that there was no contract, either express or implied, that the relation of carrier and passenger should obtain between him and defendant. Indeed, the presumption that such relation existed between them was affirmative negatived by his testimony. The affirmtive charge, requested by defendant, should have been given.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON. JJ., concur