# Birmingham Railway L. & P. Co. v. Stanfield.

## *Damages for Injury to Passenger.*

(Decided June 10, 1909.   59 South. 51.)

*Carriers; Passengers; Pleading and Proof.*—Where the action is against the railroad company, and the relation of carrier and passenger is alleged to exist, the relation alleged is material, and if the proof conclusively shows the relation to be that of master and servant, the defendant is entitled to have a verdict directed for it.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by G. F. Stanfield v. The Birmingham Railway, Light & Power Company, for damages for injury sustained in a collision.   Judgment for plaintiff and defendant appeals.   Reversed and remanded.

TILLMAN, GRUBB, BRADLEY & MORROW, and L. C. LEADBEATTER, for appellant.—The court should have given charge 4 requested by the defendant.   The relation alleged is not shown to have existed.—*Bir. R. L. & P. Co. v. Sawyer,* 47 South. 67.   The court erred in overruling demurrers to the 2nd count.—*City D. Co. v. Henry,* 139 Ala. 161; *Bir. B. R. Co. v. Gerganeous,* 142 Ala. 238; *Bir. R. L. & P. Co. v. Sawyer, supra.*

GIBSON & DAVIS, for appellee.   The relation of passenger and carrier was shown to exist.—3 Thom. on Neg. sec. 2655.   Therefore, the court properly refused charge 4.   The demurrers were properly overruled to the 2nd count.—*Levin v. M. & C. R. R. Co.,* 109 Ala. 332; *Bir. R., L. & P. Co. v. Lindsey,* 140 Ala. 120.

[Irwin v. L. & N. R. R. Co.]

MAYFIELD, J.—The pleadings, evidence, and charges of the court in this case bring it indisputably within the rules of law and evidence announced in the case of *Birmingham Railway, Light & Power Co. v. Sawyer*, 156 Ala. 199, 47 South. 67. and upon that authority the case must be reversed.

The complaint in each count alleged the relation of carrier and passenger, while all the proof conclusively showed the relation of master and servant existed between the parties at the time of the injury. There was no tendency of the evidence to prove the relation as alleged, which was a material averment.

The general affirmative charge should have been given for defendant, as was requested in writing.

The judgment is reversed, and the cause remanded.

SIMPSON, DENSON, and MCCLELLAN, JJ., concur.

