(90 South. 492)

### McGHEE v. BIRMINGHAM NEWS CO.
### (6 Div. 384.)

(Supreme Court of Alabama. Oct. 20, 1921.)

**1. Negligence ☞2—Breach of duty essential element.**

There can be no recovery for an injury unless it was the proximate result of a breach of duty owed to the person injured.

**2. Negligence ☞22½—Duty to trespasser on truck stated.**

One riding on a motor truck without the knowledge or consent of the owner or driver was in legal contemplation a trespasser, and the only duty owed to him was not to wantonly or intentionally injure him, and, if he was known to be in a dangerous position, to exercise due care to avoid injuring him.

**3. Negligence ☞22½—Injury to trespasser on truck held not actionable.**

The mere fact that the driver of a motor truck agreed to stop it in order that one riding without permission might alight imposed on the driver no duty of ascertaining at each step in the operation of the vehicle whether the trespasser was in a safe or dangerous position with respect to ordinary movements of the car, and where he did not know that the trespasser was in a place of peril and likely to be injured at the time the truck was speeded or jerked as it was approaching the curb for the purpose of stopping, but was still six feet from the curb, liability could not be predicated on such jerk.

Appeal from Circuit Court, Jefferson County; Richard V. Evins, Judge.

Action by Mrs. Emma Mae McGhee, as administratrix, against the Birmingham News Company for damages for the death of her intestate, her husband. Judgment for the defendant, and the plaintiff appeals. Affirmed.

Plaintiff's intestate was run over by a motor truck operated by the defendant in its business and suffered injuries which caused his death. The complaint was laid in four counts. The first count charges simple negligence, in that defendant was operating its truck on a public highway of Ensley and negligently caused or allowed it to run over plaintiff's intestate. Count 2 charges that intestate was a passenger on said truck for reward, and while it was stopped in Ensley for the purpose of allowing plaintiff to alight at his destination, and while intestate was engaged in alighting, or in preparing to alight, said truck was negligently started or jerked, whereby intestate was caused to fall therefrom. Count 3 charges that plaintiff's intestate was being carried on said truck with the knowledge of defendant's servant in control thereof, and, while intestate was about to assume a position where increasing the speed of the truck or causing it to jerk would be highly dangerous to the intestate, defendant's servant, well knowing said danger, negligently increased the speed or caused it to jerk, whereby intestate was caused to fall therefrom to his injury, etc. Count 4 charges that the defendant wantonly and wrongfully caused intestate's death by wrongfully and wantonly causing him to be knocked and thrown from said truck or run upon by it, well knowing that said act would probably cause great personal injury or death.

The only testimony relating to the circumstances and manner of the said injury was that of the driver, one Cornelius, and of one Moore, who was driving his own car a few yards in the rear of the truck, and going in the same direction. Cornelius testified that he was on his route delivering newspapers by truck, and that the intestate got on the truck without his knowledge or consent; that he became aware of his presence only when in Ensley and intestate called out to him that he wished to alight, and that he replied, "All right," and turned into the curb, slowing down the car as he did so; that the car had been running about 5 miles an hour, and when it was about 6 feet from the curb and barely moving one Harrison, another employee of the defendant called out to him to stop and just then he became aware of one of the wheels dragging as on an obstruction, and he stopped the car in about two feet, and got down, and then for the first time saw intes-

tate in a sitting position, one wheel of the car having run over him. Witness Moore testified that before it slowed down truck had been running about 12 miles an hour, and it slowed down as it approached the point of the accident; that intestate was in the body of the truck and placed his foot on the side about a foot high and seemed to be making an effort to get out; that he saw him lose his balance and fall; that just before or at the moment of his fall witness' impression was that the truck started up or jerked; and that after the wheel passed over intestate the truck ran 20 or 30 feet and then stopped. The court directed a verdict for the defendant without hypothesis.

Harsh, Harsh & Harsh, of Birmingham, for appellant.

The court erred in directing a verdict, even with hypotheses. 87 Ala. 303, 6 South. 153; 202 Ala. 682, 81 South. 638; 11 Ala. App. 471, 66 South. 911; 194 Ala. 338, 70 South. 7; 195 Ala. 179; 197 Ala. 418, 73 South. 5; 184 Ala. 459, 63 South. 987; 203 Ala. 292, 82 South. 534; 204 Ala. 227, 85 South. 511.

Percy, Benners & Burr and Cabaniss, Johnston, Cocke & Cabaniss, all of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] In order to recover in this action it is of course necessary for the plaintiff to show that her intestate's injury was the proximate result of a breach of duty owed to him by defendant through its servant Cornelius, who was driving defendant's truck at the time the intestate fell or was thrown therefrom.

The evidence shows without dispute, as is conceded by counsel for plaintiff, that the intestate was riding on this truck without the knowledge or consent of defendant, or of the driver, Cornelius, and was therefore, in legal contemplation, a trespasser, pure and simple.

[2] It is well settled that the only duty owed to such a person under those circumstances is not to wantonly or intentionally injure him, and, if he is known to be in a dangerous position, to exercise due care to avoid injuring him. McCauley v. T. C. I. & L. Co., 93 Ala. 356, 9 South. 611; B. R., L. & P. Co. v. Sawyer, 156 Ala. 199, 47 South. 67, 19 L. R. A. (N. S.) 717; Lawrence v. Kaul Lumber Co., 171 Ala. 300, 55 South. 111; Hoberg v. Collins & Co., 80 N. J. Law, 425, 78 Atl. 166, 31 L. R. A. (N. S.) 1064, and note.

[3] Assuming that the jury believed all or any part or parts of the evidence before them, there is absolutely nothing upon which a breach of duty can be predicated, inferen-

tially or otherwise; for, taking as true every item of the evidence which is favorable to plaintiff, and drawing therefrom every inference permissible, there is nothing that tends to show any knowledge on the part of the driver, Cornelius, that the intestate was in a place of peril, and likely to be injured thereby, at the time the truck was "speeded up" or "jerked." In the absence of such evidence plaintiff's case must fail.

The mere fact that a trespasser on a vehicle wishes to alight, and the driver agrees to stop in order that he may do so, does not impose upon the driver, in the operation of the vehicle, the duty of ascertaining at each step of its operation the position of his trespassing passenger, whether safe or dangerous with respect to the ordinary movements of the car.

Having started for the curb, and being yet six feet away, and in motion, he was not bound to turn his head to observe the movements of the intestate, nor to anticipate that he would attempt to alight out in the street at that distance from the curb, and while the truck was still in motion. If the intestate had been a lawful passenger for hire, no such precautions would have been due him. Being a trespasser, the driver was, as to him and his safety, under no restraints in his mode of moving or stopping the truck, unless he knew that the intestate was in a position of peril in relation to the movement contemplated—in this case an increase in the speed of the truck, with some resulting jerk.

The evidence was in conflict, but, in whichever aspect the jury may have viewed it, it was without any tendency to support an essential element of plaintiff's case, and the jury were properly instructed, without hypothesis, to find against the plaintiff.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.